UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL BRINK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-25-1234-R |
| | ) |
| EMILY THOMPSON and | ) |
| PETER REYES, | ) |
| | ) |
|     Defendants. | ) |

### ORDER

Plaintiff, appearing pro se, initiated that action by filing a Complaint [Doc. No. 1] that invoked diversity jurisdiction as the basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(2) However, because the allegations indicated that Plaintiff and Defendants were all citizens of Oklahoma, the Court instructed Plaintiff to show cause [Doc. No. 5] why this action should not be dismissed for lack of subject matter jurisdiction.

Rather than respond to the show cause order, Plaintiff filed a Motion for Leave to File Amended Complaint [Doc. No. 7] pursuant to Fed. R. Civ. P. 15(a)(2) and included a copy of his proposed Amended Complaint. Under Rule 15(a)(1), a party may amend its pleading once as a matter of course no later than 21 days after serving it or 21 days after service of a responsive pleading or Rule 12(b) motion. Although the docket sheet does not reflect that either Defendant has been properly served, Defendants filed a joint Motion to Dismiss [Doc. No. 6] less than 21 days before Plaintiff filed his Motion for Leave to Amend. Accordingly, pursuant to Rule 15(a)(1), Plaintiff was entitled to amend his

1

pleading as a matter of course and did not need to seek leave. The Court will therefore deem his First Amended Complaint the operative pleading. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect.").

The First Amended Complaint alleges that Defendants harassed and retaliated against him for his involvement in a child custody dispute concerning Plaintiff's son. But – unlike his initial pleading – Plaintiff now invokes federal question jurisdiction as the basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. §1331. Pursuant to the inherent power to manage its docket,[1] the Court has reviewed the First Amended Complaint and concludes that it fails to state a plausible federal claim.

The First Amended Complaint asserts several tort claims arising under state law and asserts a claim pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's First and Fourteenth Amendment rights. Plaintiff alleges that Defendants, who appear to be two private individuals, were willful participants in joint activity with state agents and acted under color of state law by filing false police reports and initiating meritless legal proceedings.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

---

[1] *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Williams v. Madden*, 9 F. App'x 996, 997 n.1 (10th Cir. 2001) (noting agreement with *Mallard*); *Webster v. Palk*, No. 21-4057-JWB-GEB, 2021 WL 4893015, at *2 (D. Kan. Oct. 20, 2021) ("The court has inherent authority to dismiss a frivolous complaint sua sponte even where, as here, Plaintiffs have paid the required filing fee.").

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). This requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *How v. City of Baxter Springs, Kansas*, 217 F. App'x 787, 792 (10th Cir. 2007) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "To occur under color of state law, the deprivation of a federal right 'must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor ... because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Under this definition, a private party may be considered a state actor for purposes of § 1983 if the private party "is a 'willful participant in joint action with the State or its agents.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). This generally requires showing either that the state actor participated in "a common, unconstitutional goal" with the private actor or that there was "a substantial degree of cooperative action" between the state actor and the private actor. *Id.* at 1453-54 (internal quotation marks omitted). "The mere acquiescence of a state official in the actions of a private party is not sufficient" to show joint action. *Id.* at 1453. Additionally, "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments

3

are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).

Here, apart from a conclusory assertion that Defendants were willful participants in joint activity with state officials, the First Amended Complaint does not contain any factual content tending to show that that Defendants had an agreement or jointly cooperated with a state actor to deprive Plaintiff of any federal right. Merely providing "information to police officers who take action thereon does not constitute joint action under color of state law which renders a private actor liable under § 1983." *Lee v. Town of Estes Park, Colo.*, 820 F.2d 1112, 1115 (10th Cir. 1987). The First Amended Complaint does not plausibly allege Defendants acted under color of state law and the § 1983 claim is therefore dismissed for failure to state a claim.

Having dismissed the § 1983 claim, all that remains in the First Amended Complaint are claims brought under state law. The Tenth Circuit has instructed that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3)). Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). Here, the Court finds that it is appropriate to decline to exercise supplemental

jurisdiction over the remaining state law claims. The case is in its early stages, and this action appears to be entirely a matter of state law involving citizens of the same state.

Accordingly, Plaintiff's First Amended Complaint is deemed filed as the operative pleading. Plaintiff's claim under 42 U.S.C. § 1983 is dismissed without prejudice for failure to state a claim. The Court declines to exercise supplemental jurisdiction over the state law claims and those claims are therefore dismissed without prejudice to refiling.

IT IS SO ORDERED this 7th day of November, 2025.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE